# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| RONALD JOHNSTON and AMY DAVIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MED ONE MOBILE - LLC <br><br> Defendant. | Civil Action No.: 3:18-cv-212 <br><br><br><br><br><br> **JURY TRIAL DEMAND** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) OF THE FLSA** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Ronald Johnston and Amy Davis ("Plaintiffs"), individually, and on behalf of all others similarly situated, file this Complaint against Med One Mobile - LLC ("Defendant") or ("Med One"), for all claims and damages cognizable under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

## PARTIES

1. Plaintiffs, Ronald Johnston and Amy Davis, are individuals, domiciled in the City of North Judson, County of Starke, State of Indiana.

2. Plaintiff Johnston was employed by Defendant as an ambulance driver ("Driver") and was paid on an hourly basis.

3. Plaintiff Davis was employed by Defendant as an emergency medical technician ("EMT") and was paid on an hourly basis.

4. Defendant classified Plaintiffs and all its Drivers, EMTs and paramedics as independent contractors in an attempt to avoid the protections afforded to workers under the FLSA.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to join this action. See attached Exhibits "A" and "B".

6. Defendant, Med One Mobile - LLC, is a domestic limited liability company, licensed to do and doing business within the State of Indiana, with its principal place of business located at 4104 South State Road 39, North Judson, Indiana 46366. Defendant can be served through its registered agent, Greg Wireman, 4104 South State Road 39, North Judson, Indiana 46366.

## JURISDICTION AND VENUE

7. This Court is vested with subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

8. Venue in this court is proper pursuant to 28 U.S.C. § 1391. Plaintiffs are residents of this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district. Defendant is domiciled and does substantial business within this judicial district.

## COVERAGE UNDER THE FLSA

9. Defendant is in the business of providing ambulance transport services for emergency and non-emergency situations.

10. Defendant has annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

11. Plaintiffs were "employees" of Defendant within the meaning of the FLSA and were engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and § 207(a)(1).

12. Defendant is a covered employer as defined by 29 U.S.C. § 203(d).

13. Defendant has employed two or more persons, including Plaintiffs, and was "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that had been moved and/or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

14. Defendant's employees are subject to the provisions of the FLSA, 29 U.S.C. § 206.

## FACTS

15. Defendant owns and operates a private medical transport service that employs Drivers, EMTs and paramedics who perform non-exempt duties and are entitled to overtime.

16. The Drivers, EMTs and paramedics, including Plaintiffs, are/were paid hourly and performed non-exempt work.

17. Defendant employed numerous other individuals as Drivers, EMTs and paramedics, each of whom performed substantially similar job duties and functions as Plaintiffs.

18. Plaintiffs and similarly situated Drivers, EMTs and paramedics were wrongly classified as independent contractors and exempt from the overtime requirements of the FLSA by Defendant.

19. Plaintiffs and similarly situated Drivers, EMTs and paramedics were paid straight hourly time for all hours worked and were not paid overtime for hours worked over 40 in a workweek.

20. The job duties performed by Plaintiffs and similarly situated Drivers, EMTs and paramedics do not qualify for any exemption from the overtime requirements of the FLSA.

21. Plaintiffs and similarly situated Drivers, EMTs and paramedics each worked a schedule that required 40 or greater hours of work per week.

22. Plaintiffs often worked 72 or more hours in a week.

23. Plaintiffs were not paid overtime at the rate of 150% of their regular hourly rate of pay as required by § 207.

24. Drivers were not paid overtime at the rate of 150% of their regular hourly rate of pay as required by § 207.

25. EMTs were not paid overtime at the rate of 150% of their regular hourly rate of pay as required by § 207.

26. Paramedics were not paid overtime at the rate of 150% of their regular hourly rate of pay as required by § 207.

27. Defendant was aware, or should have known, that Plaintiffs and similarly situated employees performed work over 40 hours per week that required payment of overtime.

28. Plaintiffs and all similarly situated Drivers, EMTs and paramedics are entitled to overtime pay as they are non-exempt employees of Defendant who were misclassified as independent contractors.

29. As a Driver for Defendant, Plaintiff Johnston did not exercise the skill and initiative of a person in business for himself.

30. Plaintiff Johnston made no capital investment in Defendant or its business. All investment and risk capital are provided by Defendant.

31. For example, Defendant is responsible for all financing, the acquisition and/or lease of the physical assets and equipment, inventory, advertising and customer service.

32. Defendant provided Plaintiff Johnston with the ambulance to drive, and gas and equipment to perform the work Defendant assigned to Plaintiff Johnston.

33. Plaintiff Johnston did not control the key determinants of profit and loss of Defendant's business.

34. Defendant hired persons to work with Plaintiff Johnston and compensated such other persons for their labor. Plaintiff Johnston did not and could not hire his own helpers to work.

35. Plaintiff Johnston was fully employed by Defendant and his employment precluded Plaintiff Johnston from accepting work from other employers. Plaintiff Johnston was economically dependent on Defendant.

36. Plaintiff Johnston's work was essential to the success of Defendant's business and his duties were integral to Defendant's ability to provide service to Defendant's clients.

37. Defendant is in the business of providing medical transportation to ill or ailing individuals. As a Driver, Plaintiff Johnston transported Defendant's ill and ailing clients.

38. Plaintiff Johnston did not have the opportunity to exercise the business skills and initiative necessary to elevate his status to that of independent contractor.

39. Plaintiff Johnston exercised no control over customer volume and did not actively participate in any effort to increase the Defendant's client base or establish contracting possibilities.

40. Plaintiff Johnston had no investment in Defendant's business, or if any, such investment was minor when compared to the investment made by Defendant.

41. Defendant dictated the appearance of Plaintiff Johnston, including requiring Plaintiff Johnston to wear a company-issued Driver uniform and badge.

42. Plaintiff Johnston was not paid by Defendant on a piece rate, job rate, or task rate basis. Nor was Plaintiff Johnston paid by Defendant on a salary basis.

43. As an EMT for Defendant, Plaintiff Davis did not exercise the skill and initiative of a person in business for herself.

44. Plaintiff Davis made no capital investment in Defendant or its business. All

investment and risk capital are provided by Defendant.

45. For example, Defendant is responsible for all financing, the acquisition and/or lease of the physical assets and equipment, inventory, advertising and customer service.

46. Defendant provided Plaintiff Davis with all medical equipment needed to care for patients being transported in Defendant's ambulances.

47. Plaintiff Davis did not control the key determinants of profit and loss of Defendant's business.

48. Defendant hired persons to work with Plaintiff Davis and compensated such other persons for their labor. Plaintiff Davis did not and could not hire her own helpers to work.

49. Plaintiff Davis was fully employed by Defendant and her employment precluded Plaintiff Davis from accepting work from other employers. Plaintiff Davis was economically dependent on Defendant.

50. Plaintiff Davis' work was essential to the success of Defendant's business and her duties were integral to Defendant's ability to provide service to Defendant's clients.

51. Defendant is in the business of providing medical transportation to ill or ailing individuals.  As an EMT for Defendant, Plaintiff Davis provided medical care to patients while they were being transported in Defendant's ambulance.

52. Plaintiff Davis did not have the opportunity to exercise the business skills and initiative necessary to elevate her status to that of independent contractor.

53. Plaintiff Davis exercised no control over customer volume and did not actively participate in any effort to increase the Defendant's client base or establish contracting possibilities.

54. Plaintiff Davis made no investment in Defendant's business, or if any, such investment was minor when compared to the investment made by Defendant.

55. Defendant dictated the appearance and dress of Plaintiff Davis, including requiring Plaintiff Davis to wear a company-issued EMT uniform and badge.

56. Plaintiff Davis was not paid by Defendant on a piece rate, job rate, or task rate basis. Nor was Plaintiff Davis paid by Defendant on a salary basis.

## COLLECTIVE ACTION ALLEGATIONS

57. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring a collective action on behalf of themselves and all similarly situated employees, defined as follows:

> All ambulance drivers, emergency medical technicians (EMTs) and paramedics retained by Med One Mobile – LLC as independent contractors and who worked more than forty (40) hours in a work week at any time within the three (3) years prior to the filing of this Complaint.

58. As set forth above, during the applicable statutory period, Plaintiffs and similarly situated Collective Members routinely worked in excess of 40 hours in a work week and did not receive overtime compensation.

59. Defendant willfully engaged in a pattern and practice of violating the FLSA by knowingly misclassifying its Drivers, EMTs and paramedics as independent contractors and failing to pay them overtime compensation. Defendant's conduct thus constitutes a willful violation of the FLSA in accordance with 29 U.S.C. § 255.

60. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Members for overtime.

61. Plaintiffs and the Collective Members are "similarly situated" pursuant to 29 U.S.C. § 216(b) because all such individuals work or have worked pursuant to Defendant's above-

described payroll policy and practices, performing the same or nearly identical job duties, and all have been uniformly misclassified as independent contractors and exempt from the overtime requirements of the FLSA.

62. The Collective Members are readily identifiable through Defendant's records and may therefore be easily notified of this action through direct U.S. mail and/or other means and should be allowed to opt in to this proceeding for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, attorney fees and costs under the FLSA.

63. Further, as Plaintiffs and the Collective Members are all subject to a common payroll policy, plan and practice, resolution of this action can be accomplished through representative testimony utilizing common facts applicable to all.

64. The specific job titles or precise job requirements of the Collective Members do not prevent collective treatment. All Collective Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## FLSA VIOLATIONS

65. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

66. Defendant has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its workers, like Plaintiffs and the Collective Members, overtime as required by the FLSA.

67. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the Collective Members overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime as required by § 207, for the period of three years before commencement of this action.

68. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

69. Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and the Collective Members to suffer loss of wages.

70. Plaintiffs and the Collective Members are entitled to unpaid overtime, liquidated damages, costs and attorney fees under the FLSA.

## DEMAND FOR TRIAL BY JURY

Plaintiffs are entitled to and hereby request trial by jury on all issues herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

A. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the putative Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

B. For an Order finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs under the FLSA;

C. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action as provided under the FLSA;

D. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees as provided under the FLSA; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:  March 26, 2018                           Respectfully Submitted:

By: s/ Douglas M. Werman
    Douglas M. Werman
    dwerman@flsalaw.com
    WERMAN SALAS P.C.
    77 W. Washington Street
    Suite 1402
    Chicago, Illinois 60602
    Telephone: (312) 419-1008
    Facsimile: (312) 419-1025

    Philip Bohrer
    phil@bohrerbrady.com
    Scott E. Brady
    scott@bohrerbrady.com
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana  70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000